# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| DANNY D. IRICK, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV608-099 |
| | ) | CR608-001 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

Danny D. Irick unsuccessfully moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. CV608-099, doc. 12 (Judgment entered Oct. 21, 2009). He took no appeal, but 262 days later filed a "brief."[1] Doc. 13 (entered July 1, 2010). Now, 243 days beyond that, he moves to have it deemed a "second" § 2255 motion -- evidently to avoid § 2255(f)'s one-year, statute of limitations bar. Doc. 14 (entered (March 1, 2011). The brief cites, *inter alia*, *Johnson v. United States*, ___

---

[1] Although this document looks like some sort of brief on appeal, Irick took no appeal from the Court's October 21, 2009 judgment. Apparently, he spotted *Johnson v. United States*, ___ U.S. ___, 130 S .Ct. 1265 (2010), cited in doc. 13 at 2, which was handed down after this Court's 2009 judgment, so he sought to exploit 28 U.S.C. § 2255(h)(2), which authorizes a second § 2255 motion based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.*

U.S. \_\_\_, 130 S. Ct. 1265 (2010), and seeks a new, merits-based ruling.

The Court **DENIES** Irick's latest motion as untimely. Defendant provides no reason why, even assuming *arguendo* he could overcome the successiveness bar set forth in 28 U.S.C. § 2244(b)(3)(A) and 28 U.S.C. § 2255(h), he failed to advance his brief as a § 2255 motion *when he filed it* last July. Even were the Court to grant his motion, the resulting § 2255 "motion-brief" nevertheless would be denied under 28 U.S.C. § 2244(b)(3)(A): "[B]efore a second or successive application permitted by [§ 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.*; *see also* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement).

Put another way, a district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original); *Levert v. United States*, 280 F. App'x 936, 936

(11th Cir. 2008) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (same); *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997) (a district court properly denied successive petition because movant neglected to obtain certificate from federal appellate court authorizing consideration of motion). Irick's brief, construed as a second § 2255 motion, would thus spring from no jurisdictional bed and thus be denied on that basis, too. Accordingly, the Court must **DENY** Danny D. Irick's motion to construe his brief (doc. 13) as a second § 2255 motion, doc. 14.

**SO REPORTED AND RECOMMENDED** this __3rd__ day of March, 2011.

/s/ Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA