# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| DANNY D. IRICK, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV618-087 |
| | ) | CR608-001 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

FILED
Scott L. Poff, Clerk
United States District Court

By jburrell at 12:05 pm, Oct 15, 2018

## REPORT AND RECOMMENDATION

Danny D. Irick's first 28 U.S.C. § 2255 motion to vacate his conviction for armed bank robbery and use of a firearm during the commission of a felony was denied on the merits. Docs. 45, 47, & 48.[1] He is back again, with a letter seeking to "vacate" his "§ 924(c)" conviction and recalculate his sentence. Doc. 64 (citing *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204 (2018)). The Court construes Irick's letter as yet another § 2255 motion to vacate his sentence.[2] Indeed, this

---

[1] Unless otherwise noted, citations are to the docket in Irick's criminal case, CR608-001. Additionally, page references are to the CM/ECF screen page, rather than the referenced document's own internal pagination.

[2] Ordinarily, a district court that recharacherizes a prisoner's filing as a § 2255 motion must notify the pro se litigant that it intends to recharacterize the pleading [as a § 2255 motion], warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend

is Irick's *third* § 2255 motion seeking to vacate his sentence.[3]

To file a second or successive § 2255 motion, a movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *In re Anderson*, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district

---

it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003) ("the district court); *Pena v. United States*, 2016 WL 6609223 at * 1 (S.D. Ga. Sept. 28, 2016). But because Irick has already filed multiple prior § 2255 motions and requires appellate court approval before filing another, no *Castro* warning is required.

[3]   Movant's prior attempts to file a successive § 2255 motion have been denied as either an untimely motion to amend his first motion (*see* docs. 52 & 56) or as an unauthorized successive motion (*id.*; *see also* docs. 59, 61 & 62).

court lack[s] jurisdiction to consider [a movant's] second or successive" motion. *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010).

Irick has not received authorization from the Eleventh Circuit to file a successive § 2255 motion. This Court thus lacks jurisdiction to consider his latest motion. *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); s*ee also Medberry v. Crosby*, 351 F.3d 1049, 1061 (11th Cir. 2003) ("when a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions"). Irick's latest § 2255 motion should be **DISMISSED**.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the

district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  15th  day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA