IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
UNITED STATES OF AMERICA      *
                              *
v.                            *      CR 608-001
                              *
DANNY D. IRICK                *
```

O R D E R

Defendant Danny D. Irick has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), maintaining that his case presents extraordinary and compelling reasons to reduce his sentence. On April 28, 2008, Defendant pled guilty to armed bank robbery (18 U.S.C. § 2113(a) and (d)) and carrying and brandishing a firearm during a bank robbery (18 U.S.C. § 924(c)). At sentencing, Defendant was determined to be a career offender under the United States Sentencing Guidelines. He was sentenced to serve 220 months for the armed robbery and 84 consecutive months for the § 924(c) count, for a total term of 304 months. Through his present motion, Defendant primarily contends that he would no longer be considered a career offender if he were sentenced today; thus, his guideline range would be lower, and his sentence should be reduced.

The Court begins with the bedrock principle of criminal law that it cannot modify a sentence once it has been imposed unless expressly permitted to do so by statute. See United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). One such statute, 18 U.S.C. § 3582(c), provides three circumstances for modification. Under the first exception, the one cited here, a court may entertain a motion for compassionate release under certain extraordinary and compelling circumstances. See 18 U.S.C. § 3582(c)(1)(A).

The Eleventh Circuit has explained that the compassionate release provision imposes three conditions on granting a sentence reduction: (1) the existence of extraordinary and compelling circumstances; (2) adherence to Policy Statement applicable to compassionate release motions, U.S.S.G. § 1B1.13 (including a finding that the defendant is not a danger to the community); and (3) support in the sentencing factors of 18 U.S.C. § 3553(a). United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

Policy Statement § 1B1.13(b), as amended, provides a list of extraordinary and compelling reasons sufficient to support a

compassionate release motion. As relevant here, the reason titled "Unusually Long Sentence" provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law **(other than an amendment to the Guidelines Manual that has not been made retroactive)** may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

§ 1B1.13(b)(6) (emphasis added).

At sentencing in this case, the United States Probation Office prepared the Presentence Investigation Report ("PSI") utilizing the 2008 United States Sentencing Guidelines. (PSI ¶ 17.) Under U.S.S.G. § 4B1.1(a), a defendant is a career offender if "(1) the defendant was at least 18 years old at the time the defendant committed the instance offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or controlled substance offense; and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense." At the time Defendant was sentenced, the Guidelines defined a "crime of violence" as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that

3

presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2008). Because Defendant was 18 years old at the time he committed an armed bank robbery and because he had two prior South Carolina convictions for residential burglary, Defendant was considered a career offender under the guidelines. (PSI ¶ 29.)

In 2016 the United States Sentencing Commission amended the definition of "crime of violence" to remove the residual clause and to remove "burglary of a dwelling" from the enumerated offense list. A "crime of violence" is now defined as follows:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that - (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a) (2023) (as amended by Amendment 798). Because of this change, Defendant's burglary convictions no longer qualify as predicate offenses. Thus, Defendant would not be considered a career offender if he were sentenced today.[1] The problem for Defendant, however, is that the Unusually Long Sentence provision

---

[1] Defendant states in brief: "[B]urglary offenses were removed as Career Offender predicates by Amendment 798 to [§] 4B1.2(a), effective August 1, 2016 . . . . Amendment 798 was not listed by the Commission in U.S.S.G. [§] 1B1.10 as a retroactive amendment allowing reduction under [§] 3582(c)(2), but may be considered by the Court . . . under [§] 1B1.13(b)(6) . . . ." (Def.'s Reply Br., Doc. 74, at 11.)

4

allows for consideration of changes in the law "other than an amendment to the Guidelines Manual that has not been made retroactive." U.S.S.G. § 1B1.13(b)(6). Because the Unusually Long Sentence Provision does not apply to changes in the law occasioned by nonretroactive guideline amendments, the provision does not apply to this Defendant.

Defendant's other proffered reasons for compassionate release are his youthful age at the time of his offense and his rehabilitation while incarcerated. Defendant's youth at the time of his crimes of conviction is not extraordinary, and his rehabilitation while in prison cannot stand alone as an extraordinary circumstance, see U.S.S.G. ¶ 1B1.13(d).

Moreover, in order to grant compassionate release, the Court must determine that Defendant is not a danger to the community, U.S.S.G. § 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release. In this case, a reduction of Defendant's sentence would not protect the public or reflect the seriousness of his crimes. Despite his assertions of rehabilitation, Defendant is a danger to the community because of the instant offense of conviction and his criminal history. Defendant victimized the tellers of the bank by brandishing a firearm, a firearm that he presumably stole from his aunt's house after ransacking it.[2] (See

---

[2] According to the PSI, Defendant was a person of interest in the burglary of his aunt's house. After Defendant used his aunt's stolen firearm during the bank robbery, he was subsequently charged with burglary by state authorities.

PSI ¶ 11.) The Court also emphasizes Defendant's convictions for burglaries prior to the instant offense. In the first case arising out of a burglary in 2001, Defendant was accused of beating someone with his handgun; the assault charge was dismissed as part of a plea bargain. (PSI ¶ 35.) In the second case, Defendant committed two burglaries in June 2003, but one charge was dismissed as part of a plea bargain. (PSI ¶ 37.) Finally, the Court notes that Defendant also benefitted from a plea bargain in the instant case since two charges (possession of a firearm by a convicted felon and possession of a stolen firearm) were dismissed. Any reduction would serve only to diminish the impact of the sentence on this Defendant and would not promote respect for the law.

In sum, Defendant Danny D. Irick has failed to establish that he is entitled to compassionate release. Accordingly, his motion for compassionate release (doc. 69) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of December, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

(PSI ¶ 11.) The Court is unaware of whether Defendant was convicted of this burglary.