IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2025 JUL 22  A 10: 38

CLERK _____ 
SO. DIST. OF GA.

UNITED STATES OF AMERICA,
    Plaintiff,

v.

DANNY IRICK,
    Defendant,

Case No. 6:08-cr-00001

---

## MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. SECTION 3582(c)(1)(A)

COMES NOW Danny Irick, defendant, prose, requesting this court to grant his motion for reduction of his sentence under 18 U.S.C. Section 3582(c)(1)(A) for the following reasons:

### I. INTRODUCTION

The defendant was sentenced by this Court on September 30, 2008 to a total term of 304 months, 220 months for armed bank robbery in violation of 18 U.S.C. Section 2113 and 84 months for brandishing a firearm in violation of 18 U.S.C. Section 924(c). These sentences were run consecutive. The defendant's United States Sentencing Guideline range for the defendant, based on a finding he was a career offender, was an aggregated range of 272-319 months. The defendant was determined to be a career offender based on 2 South Carolina burglary convictions. In 2016 the Eleventh Circuit Court of Appeals for the United States decided United States v. Lockett, 810 F.3d 1262 (11th Cir. 2016), which invalidated second and third degree South Carolina buglary convictions for enhancement purposes under U.S.S.G. Section 4B1.2(a)(2)-The career offender enhancement. On November 1, 2023 the United States Sentencing Commission amended U.S.S.G. Section 1B1.13 to include Section 1B1.13(b)(6)-counting unusually long sentences for which a defendant has served at least

10 years of that would now be disproportionate based on changes in the law as an extraordinary and compelling reason to grant motions for sentencing reductions under 18 U.S.C. Section 3582(c)(1)(A). On September 5, 2024 the defendant requested that the B.O.P. move for a reduction in sentence under 18 U.S.C. Section 3582(c)(1)(A) on his behalf in a letter to FCI Ashland Warden C. Entzel, see: Attachment A. On September 20, 2024 this request was denied by Assistant Warden Burnside, see: Attachment B. The defendant filed his initial motion for compassionate release in October of 2024 and the Court denied it on December 20, 2024. The defendant filed an appeal of that decision, which was dismissed by the Eleventh Circuit U.S. Court of appeals on procedural grounds. Now the defendant requests the Court to grant relief in his successive motion under 18 U.S.C. Section 3582(c)(1)(A).

II. CAUSE FOR ACTION

1) U.S.S.G. Section 1B1.13(b)(6)-Unusually Long Sentence

In order for the Court to find that Section 1B1.13(b)(6) applies to him the defendant must show that he has received an "unusually long sentenct," for which he has served at least ten years of his term of imprisonment for, and where a change in law would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time this motion is filed.

First, the defendant's sentence of 304 months is unusually long. The U.S. Sentencing Commission is passing the amended  Section 1B1.13 noted only 11.5% of all federal offenders are sentenced to terms of imprisonment of 10 years or more. The defendant's sentence is 2 and a half times that time. The average sentence for robbery in

FY 2021 was 104 months, approximately one third the defendant's sentence. The average sentence for kidnapping in FY 2022 was 168 months, approximately half of the defendant's sentence. The defendant's sentence even exceeds the average federal sentence for murder, which in FY 2022 was 261 months. Even career offenders only average sentences of 154 months, about half the sentence of the defendant. By all metrics the defendant's sentence is "unusually long."

Second the defendant must show he has been incarcerated at least 10 years. The defendant's sentence began approximately 18 years ago, see: Attachment C, Defendant's Sentencing Computation Data Sheet.

Third, the defendant must present a change in the law that would produce a gross disparity between his sentence being served and the sentence likely to be imposed at the time this motion is filed. The change in law is the aforementioned United States v. Lockett, 810 F.3d 1262 (11th Cir. 2016). Lockett invalidated 2nd and 3rd degree South Carolina state burglary convictions as violent offenses which can be used as career offender predicate convictions. The defendant was deemed a career offender based on 2nd and 3rd degree burglary convictions from South Carolina. The defendant's guideline range based on the career offender enhancement when aggregated for his bank robbery and the 924(c) offense was 272-319 months in 2008. He received a sentence of 304 months, which was mid-range. Currently, post Lockett, the defendant has a guideline range of 130-141 months. The defendant presumes since the court found that a mid-range guideline range was sufficient in 2008, a top-end guideline range would be sufficient in 2025. Since the

defendant's current sentence of 304 months is now more than double his current guideline range the defendant has provided the Court with a change in law that has produced a gross disparity between his sentence being served and the sentence likely to be imposed at this time.

In the Court's Order denying the defendant's initial compassionate release motion the Court construed the defendant's Lockett argument to be an argument for a reduction in sentence based on a non-retroactive guideline amendment, Amendment 798. The defendant should have been concise. To be clear, the defendant is NOT presenting Amendment 798 as his extraordinary and compelling reason for sentencing relief. The change in law in the Eleventh Circuit's United States v. Lockett, 810 F.3d 1262 (11th Cir. 2016) IS the extraordinary and compelling reason the defendant is presenting to the Court as grounds for relief. Based on Lockett the defendant is no longer a career offender.

III. SECTION 3553(a) FACTORS

1) The nature and circumstances of the crime and the history and characteristics of the defendant.

The defendant, a the age of 24, armed robbed a bank with another youthful accomplice. Little to no planning went into this bank robbery. Far from being a "professional" job, the defendant parked his car within sight of the bank employees and dropped much of the money taken from the teller stations. The firearm that was brandished wasn't discharged. The defendant was apprehended immediately after the robbery without incident by local police. The robbery resulted in $391.00 in unrecovered funds. Upon arrest the defendant gave a full confession. Nothing about this offense makes it particularly

remarkable among armed bank robberies.

Prior to incarceration for this offense the defendant was convicted for 3 offenses, the aforementioned burglaries and larceny-which is another term for burglary. Since his incarceration the defendant has committed no new criminal offenses over the span of nearly 18 years. In that period the defendant has had only a single disciplinary infraction, for possessing homemade wine, coming nearly 15 years ago. While incarcerated the defendant has completed college courses for construction trades. He has completed more than 20 institutional programs, including anger management, victim impact, and criminal thinking. The defendant has tutored and taught art classes to other inmates. In multiple institutions the defendant has attoined the number one position in facility tool rooms, a position only given to responsible and trust worthy inmates. The defendant currently has the number one position in ground mainten-ance, caring for the grounds at FCI Ashland-Low. The defendant has not used drugs at any point in his entire incarceration and has passed numerous urinalysis tests for controlled substances. The defendant regularly attends Protestant church services and attends a weekly bible study.

2) The need for the sentence imposed-to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

The defendant's current sentence served, approximately 18 years of incarceration, reflects the seriousness of the offense, promotes repsect for the law, and provides just punishment. Considers the defendant has already served a term of imprisonment that exceeds what his current guideline range is by several years, further

punishment would be unjust. The defendant's current guideline range is now 130-141 months. The defendant has now served enough of his sentence to satisfy a sentence of 245 months, more than 100 months over his current guideline range.

3) The need for the sentence imposed-to afford adequate deterrence to criminal conduct.

The United States Sentencing Commission, by promulgating the sentencing guidelines, has determined that a term of 130-141 months affords adequate deterrence to this specific criminal conduct. This Court found a sentence of 5 years of imprisonment an adequate deterrence for this conduct for the defendant's only codefendant.

4) The need for the sentence imposed to protect the public from further crimes of the defendant.

The defendant doesn't pose a threat to the public. As the defendant's institutional record reflects he can abide by the law and very stringent institutional rules for very long periods of time. The defendant has been assigned a low recidivism risk score by the Federal Bureau of Prisons. The 2024 First Step Act Annual Report shows that inmates who have a low risk recidivism score have only a 5.6% chance of recidivism. The B.O.P. has also designated the defendant to a low security institution, recognizing the diminished risk he presents even in the correctional context. The defendant is now over the age of 40 as well and the U.S. Sentencing Commission's report, "The Effects of Age on Recidivism Among Federal Offenders," show that federal offenders over the age of 40 are much less prone to recidivism. The report shows that only 13.6% of all federal prisoners over the age of 40 get reincarcerated within 5 years of release. This report also shows that white former federal prisoners

6

have the lowest recidivism rate across all racial groups. The defendant is white. It is also important to note that the U.S.S.C. study shows there is no correlation between the length of sentence and the rearrest date, so further incarceration of the defendant would not favor an argument for denying the defendant relief under Section 3553(a)(2)(C).

5) The need for the sentence imposed to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

The defendant has completed all the educational and vocational training available to him and is now able to persue a career in the construction trades. He has completed all the correctional treatment available to him. It should be noted that the defendant is morbidly obese, weighing approximately 380 pounds, which makes him about 200 pounds overweight. The B.O.P. will not prescribe the defendant any of the new highly effective weight loss medications-such as Wegovy or Ozempic. The defendant would be able to receive life extending and potentially life saving medical treatment if he were released.

6) The kinds of sentence and the sentencing range established for the applicable category of defendant as set forth in the guidelines.

The 2023 Sentencing Guideline Amendments added subsection (c) to U.S.S.G. Section 1B1.13, which permits the Court to consider changes in the law, and even non-retroactive guideline amendments, when a defendant has presented the Court with valid extraordinary and compelling reasons under the compassionate release statute. The defendant has presented the Court with a valid change in law that is extraordinary and compelling with the Eleventh Circuit's decision

in United States v. Lockett. Now the Court can apply U.S.S.G. Amend-
ment 798, which has the same effect as applying Lockett, which
invalidates the defendant's 2nd and 3rd degree burglary convictions
as career offender predicate convictions. Without the upward depar-
ture of career offender the defendant has an advisory guideline
range of 130-141 months. Potentially further lowering the defendant's
sentence is U.S.S.G. Section 5H1.1, which permits the Court to vary
downwards when a defendant's criminal history and/or instant offense
was committed in their youth.

The defendant's criminal histoy consists of offenses committed
at 18, 19 and 20 years of age. The instant offense committed at the
age of 24. All offenses committed in the defendant's youth. While
the defendant has served 100 months more than his guideline range
now carries and applying U.S.S.G. Section 5H1.1 would serve no
purpose based on that, the defendant requests the Court considers
the guideline of the Sentencing Commission when considering his
criminal history and the seriousness of his instant offense. As the
defendant's institutional record shows, as an adult he's become much
better at decision making.

7) The need to avoid unwarranted sentence disparities among defendants
with similar records who have been found guilty of similar conduct.

Denying the defendant's motion for resentencing and leaving him
to finish the final 4 plus years of his sentence would make his now
disproprtionate sentence even more disporportionate when compared
to defendants with similar records who have been found guilty of
similar conduct. The defendant's current sentence is more than double
his current guideline range. Even if the defendant is granted relief
in the form of immediate release he has served approximately 100

months over his current guideline range. Granting relief here would
alieviate the defendant's already disporportionate sentence. It
should be noted that the defendant's only codefendant, Neil Robinson,
was sentenced to a term of 5 years and returned to society more than
a decade ago.

IV. RELIEF REQUESTED

The defendant requests the Court to resentence him to a total agg-
regated sentence of 245 months. If the Court finds it appropriate,
add the remainder of his sentence to the term of his supervised
release.

V. RELEASE PLAN

The defendant plans to release to the home of his fiancee, Oneida
Alverez, at 11635 SW 185 St., Miami, Florida 33157. U.S. Probation
can contact Oneida at (786)803-2751.


Respectfully submitted,

_____

Danny Irick #13480-021
FCI Ashland
P.O. Box 6001
Dated: **7-11-25**          Ashland, LY 41105


Included:
    Attachment A: Letter to Warden
               B: Warden's Response
               C: Sentence Computation Sheet
               D: BOP Disciplinary Record
               E: FSA PATTERN Scoring Sheet
               F: Custody Scoring Sheet
               G: BOP Institutional Job Sheet
               H: Support Letters

Att. A

9/5/2024

FROM: Danny Irick Reg. #13480-021 F Unit
TO:   Warden, FCI Ashland
RE:   Request that BOP move for RIS under 18 USC 3582(c)(1)(a)

I respectfully request that the Warden reccommend that BOP should
file a motion for reduction of my sentence, pursuant to PS5050.50,
28 CFR 571.61 and 18 USC 3582(c)(1)(A) to a sentence of time
served.

1.   My request is based on 4 extraordinary and compelling cir-
cumstances, which could not reasonably have been forseen by the
sentencing Court and which are consistent with the applicable
US Sentencing Commission policy statements 1B1.13(a)(2) (a)(3),
(b)(6), (c) and (d).

    A.   I am serving an unusually long sentence of 304 months
for armed bank robbery and brandishing a firearm (924(c)). At
sentencing in 2008, the PSR applied a 188-235 month Career Offender
Guideline range to the robbery offense, based on two prior convic-
tions for second or third degree burglary under South Carolina law.
These convictions were classified as "burglary of a dwelling",
a Career Offender predicate offense listed under USSG 4B1.2(a)(2).
The Court imposed 220 months for the robbery, with mandatory
consecutive term of 84 months under 18 USC 924(c), for a total
of 304 months. 8 years later, a change in decisional law in my
Circuit, US v. Lockett,810 F.3d 1262 (11th Cir 2016), decided that
no South Carolina burglary conviction matches the generic burglary
of a dwelling offense because conviction may rest on entry of
vehicles or boats and thus did not fit the definition of USSG
4B1.1(a)(2) and could not support a Career Offender Guideline
sentence. This change in law has resulted in a gross disparity
between my 304 month sentence and the sentence I would receive
for my convictions if sentenced today. I would not be eligible
for a Career Offender Guideline based on burglary convictions
due to the Lockett rule, so my guideline range for robbery would
be 46-57 months. With the same 84 months consecutive for 924(c),
my total sentence today would be between 130 and 141 months.
This would be about 14 years lower than the sentence I am serving,
which would amount to a gross disparity. Because I have served
more than 10 years of my sentence (about 16 years 8 months as of
today), the change in law is an extraordinary and compelling
reason for reduction of sentence according to USSG 1B1.13(b)(6).

    B.   Effective 8/1/2016 the Sentencing Commission issued
Amendment 798, which removed burglary   of a dwelling from
the list of predicate offenses under USSG 4B1.2(a)(2). The
Commission stated its research showed that burglary crimes
almost never involved violence and should not trigger the
harsh Career Offender penalties. The Commission did not list
Amendment 798 in USSG 1B1.10(d) for retroactive application,
but a non retroactive Guideline change may be considered if
any other extraordinary and compelling reason is shown, pursuant
to USSG 1B1.13(c), and should be considered in conjunction with
the circumstance set forth in A. above.

C.  Your review of my Progress Reports, Team documents and other BOP records in my file will show that I have furthered my rehabilitaton by completing numerous classes and programs. I have never been involved in violent conduct while in BOP and I have just one disciplinary conviction during 16 years, for possession of homemade wine about 8 years ago. Post sentence rehabilitation and conduct is not stand alone reason for RIS, but may be considered to suport the reason established in A. above. see USSG 1B1.13(d). My current general and violent PATTERN score is now LOW, showing that I am not a danger to the community if released, pursuant to USSG 1B1.13(a)(2).

D.  I was 24 years old when a friend and I were riding around in car, discussing our lack of money, and impulsively decided to rob a bank. With no further planning we robbed the first bank we came to, as I already had a gun with me. We were identified and arrested while fleeing the bank. No one was injured, the gun was not fired and all the money was given to the police. We immediately confessed to the robbery to FBI agents after arrest and pled guilty. The Sentencing Commission has amended USSG 5H1.1, Departures based on Age, effective 11/1/2024, to state a below Guideline sentence is often appropriate for offenders age 18 to 25, because such youths are prone to engage in risky impulsive conduct and be influenced by peers due to recent scientific research showing the brain structures controlling judgment do not finish developeing until after age 25, so that such youthful offenders should be regarded as less culpable than adults for impulsive crimes such as the robbery I committed. This amendment has not been made retroactive, but may be considered pursuant to 1B1.13(c) to support part A.

2.  If released I plan to initially live with my mother in South Carolina and obtain employment to support myself. I can furnish more detailed plans if reccommended for a motion.

3.  I have now served enough time to satisfy a 235 month sentence, which exceeds the 130-141 range I would be sentenced to today due to changes in law and guidelines in A,B,C and D, therefore I am requesting a RIS to time served. My current release date is 9/18/2029.

Thank you in advance for consideration of my request.

2

Institution Response - Inmate Request to Staff Member
Federal Correctional Institution
Ashland, Kentucky 41105

Inmate Name:        IRICK, Danny D.
Register Number:    13480-021
Work Assignment:    LABOR POOL
Unit:               7 GP

This is in response to your Inmate Request to Staff Member, received September 10, 2024, in which you request consideration for a Compassionate Release/Reduction in Sentence.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner.  Your request has been evaluated consistent with this general guidance.

While the Bureau of Prisons does afford the opportunity for inmates to be considered for a Compassionate Release/Reduction in Sentence, there are strict guidelines which govern this process. After a careful review of your request and the information provided, you do not meet the criteria for a Compassionate Release or Reduction in Sentence. You did not demonstrate an extraordinary or compelling circumstance which could not have been foreseen by the court. You allude to a sentencing discrepancy imposed by the Court in which the Bureau of Prisons does not govern. Accordingly, your request for consideration for a Compassionate Release/Reduction in Sentence is denied.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.


_for C. Burnside_
C. Entzel, Acting Warden

_9/20/2024_
Date

```
ASHEB  540*23 *           SENTENCE MONITORING            *      07-10-2025
PAGE 001        *           COMPUTATION DATA              *      10:29:53
                             AS OF 07-10-2025


REGNO..: 13480-021 NAME: IRICK, DANNY D


FBI NO...........: 107252TB2         DATE OF BIRTH: 04-01-1983 AGE:  42
ARS1.............: ASH/A-DES
UNIT.............: 2 GP               QUARTERS.....: F03-024L
DETAINERS........: NO                 NOTIFICATIONS: NO


FSA ELIGIBILITY STATUS IS: INELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 03-18-2029

THE INMATE IS PROJECTED FOR RELEASE: 09-18-2029 VIA GCT REL


-------------------CURRENT JUDGMENT/WARRANT NO: 010 ---------------------
COURT OF JURISDICTION...........: GEORGIA, SOUTHERN
DOCKET NUMBER...................: CR608-00001-001
JUDGE...........................: EDENFIELD
DATE SENTENCED/PROBATION IMPOSED: 09-03-2008
DATE COMMITTED..................: 10-02-2008
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


               FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $200.00        $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $391.85

--------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....: 551      18:2113 ROBBERY BANK

OFF/CHG: 18:2113(A) AND (D) ARMED ROBBERY

   SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.:  220 MONTHS
   TERM OF SUPERVISION............:    5 YEARS
   DATE OF OFFENSE................: 01-08-2008




G0002      MORE PAGES TO FOLLOW . . .
```

```
ASHEB  540*23 *              SENTENCE MONITORING        *     07-10-2025
PAGE 002        *            COMPUTATION DATA           *     10:29:53
                               AS OF 07-10-2025
```

REGNO..: 13480-021 NAME: IRICK, DANNY D


```
------------------------CURRENT OBLIGATION NO: 020 ------------------------
OFFENSE CODE....:  130    18:924(C) FIREARMS LAWS         FSA INELIGIBLE

OFF/CHG: 18:924(C) CARRYING AND USE (BRANDISHING) OF A FIREARM
         DURING A BANK ROBBERY

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    84 MONTHS
 TERM OF SUPERVISION............:     5 YEARS
 DATE OF OFFENSE................: 01-08-2008

------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 04-17-2020 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 10-08-2008 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020

DATE COMPUTATION BEGAN..........: 09-03-2008
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:   304 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    25 YEARS        4 MONTHS
AGGREGATED TERM OF SUPERVISION..:     5 YEARS
EARLIEST DATE OF OFFENSE........: 01-08-2008

JAIL CREDIT.....................:  FROM DATE    THRU DATE
                                   01-08-2008   09-02-2008
```

```
G0002       MORE PAGES TO FOLLOW . . .
```

```
ASHEB  540*23 *          SENTENCE MONITORING           *     07-10-2025
PAGE 003 OF 003 *         COMPUTATION DATA             *     10:29:53
                          AS OF 07-10-2025
```

REGNO..: 13480-021 NAME: IRICK, DANNY D

```
TOTAL PRIOR CREDIT TIME.........: 239
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 1328
TOTAL GCT EARNED................: 878
STATUTORY RELEASE DATE PROJECTED: 09-18-2029
ELDERLY OFFENDER TWO THIRDS DATE: 11-27-2024
EXPIRATION FULL TERM DATE.......: 05-08-2033
TIME SERVED.....................:    17 YEARS      6 MONTHS      3 DAYS
PERCENTAGE OF FULL TERM SERVED..:  69.1
PERCENT OF STATUTORY TERM SERVED:  80.6

PROJECTED SATISFACTION DATE.....: 09-18-2029
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 06-05-12 DIS GCT. K/ASD.
                04/17/20 FSA-GCT UPDATE (STH)
```

```
G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

```
   ASHEB          *        INMATE DISCIPLINE DATA            *      07-10-2025
PAGE 001 OF 001 *    CHRONOLOGICAL DISCIPLINARY RECORD       *      10:30:11


REGISTER NO: 13480-021 NAME..: IRICK, DANNY D
FUNCTION...: PRT       FORMAT: CHRONO       LIMIT TO ___ MOS PRIOR TO 07-10-2025

-------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2306370 - SANCTIONED INCIDENT DATE/TIME: 05-21-2012 0645
DHO HEARING DATE/TIME: 06-05-2012 0915
FACL/CHAIRPERSON.....: EST/R. DOE
REPORT REMARKS.......: INMATE ADMITTED TO THE CHARGE OF HAVING THE INTOXICANTS.
   113  POSSESSING DRUGS/ALCOHOL - FREQ: 1 ATI: DAC
        DIS GCT     / 40 DAYS / CS
        COMP:010 LAW:P   DIS GCT MEETS YOUR SENTENCING GUIDELINES.
        DS          / 60 DAYS / CS
        COMP:    LAW:    DS WAS IMPOSED AS PUNISHMENT.
        LP COMM     / 1 YEARS / CS
        COMP:    LAW:    LP COMM WAS IMPOSED TO DEMONSTRATE THE SERIOUS-
                         NESS OF ACT. RESTORE 6-4-2012.
        LP PHONE    / 6 MONTHS / CS / SUSPENDED 180 DAYS
        COMP:    LAW:    LP PHONE SUSPENDED WAS IMPOSED TO DETER FUTURE
                         MISCONDUCT.
```

```
G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

## FSA Recidivism Risk Assessment (PATTERN 01.03.00)
### Register Number:13480-021, Last Name:IRICK

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number: 13480-021 | Risk Level Inmate....: R-LW |
| Inmate Name |   General Level......: R-LW (34) |
|   Last.........: IRICK |   Violent Level......: R-LW (19) |
|   First........: DANNY | Security Level Inmate: LOW |
|   Middle.......: D | Security Level Facl..: LOW |
|   Suffix.......: | Responsible Facility.: ASH |
|   Gender.........: MALE | Start Incarceration..: 09/03/2008 |

### PATTERN Worksheet Details

Item: Programs Completed, Value: 4
General Score: -9, Violent Score: -3
Risk Item Data

| Category | Assignment | Start | Stop |
|---|---|---|---|
| EDC | B MATH-SHU | 03/03/2017 09:00 | 03/03/2017 09:00 |
| EDC | C WRIT-SHU | 03/03/2017 09:00 | 03/03/2017 09:00 |
| EDC | ACCOUNTING | 09/17/2024 07:11 | 09/17/2024 07:11 |
| EDC | INVEST | 09/17/2024 14:26 | 09/17/2024 14:26 |

Item: Work Programs, Value: 0
General Score: 0, Violent Score: 0
Risk Item Data
No Data

```
   ASHEB   606.00  *    MALE CUSTODY CLASSIFICATION FORM       *      07-10-2025
   PAGE 001 OF 001                                                    10:30:47
                           (A) IDENTIFYING DATA
   REG NO..: 13480-021          FORM DATE: 10-31-2024              ORG: ASH
   NAME....: IRICK, DANNY D
                                    MGTV: NONE
   PUB SFTY: GRT SVRTY              MVED:
                             (B) BASE SCORING
   DETAINER: (0) NONE            SEVERITY.......:  (7) GREATEST
   MOS REL.: 58                  CRIM HIST SCORE: (08) 10 POINTS
   ESCAPES.: (0) NONE            VIOLENCE.......:  (0) NONE
   VOL SURR: (0) N/A             AGE CATEGORY...:  (2) 36 THROUGH 54
   EDUC LEV: (0) VERFD HS DEGREE/GED   DRUG/ALC ABUSE.: (0) NEVER/>5 YEARS
                            (C) CUSTODY SCORING
   TIME SERVED.....:  (5) 76-90%    PROG PARTICIPAT:  (1) AVERAGE
   LIVING SKILLS...:  (2) GOOD      TYPE DISCIP RPT:  (5) NONE
   FREQ DISCIP RPT.:  (3) NONE      FAMILY/COMMUN..:  (4) GOOD

                      --- LEVEL AND CUSTODY SUMMARY ---

   BASE CUST VARIANCE  SEC TOTAL  SCORED LEV MGMT SEC LEVEL  CUSTODY  CONSIDER
   +17  +20     -2        +15      LOW          N/A             IN     DECREASE


   G0005          TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
ASHEB  531.01 *              INMATE HISTORY              *    07-10-2025
PAGE 001          *            WRK DETAIL               *    10:31:01
```

REG NO..: 13480-021 NAME....: IRICK, DANNY D
CATEGORY: WRK         FUNCTION: PRT        FORMAT:

| | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|---|---|---|---|---|
| FCL | | | | |
| ASH | FCI LANDSC | FCI LANDSCAPE DETAIL | 01-05-2025 1022 | CURRENT |
| ASH | ORD F | ORDERLY F CELLHOUSE | 10-31-2024 0646 | 01-05-2025 1022 |
| ASH | LABOR POOL | LABOR POOL | 09-03-2024 0906 | 10-31-2024 0646 |
| ASH | DETN | DETENTION | 08-17-2024 1113 | 09-03-2024 0906 |
| ASH | ORD E | ORDERLY E CELLHOUSE | 08-14-2024 1511 | 08-17-2024 1113 |
| ASH | LABOR POOL | LABOR POOL | 05-16-2024 1201 | 08-14-2024 1511 |
| ASH | A/O | FCI ADMISSION & ORIENTATION | 04-18-2024 1050 | 05-16-2024 1201 |
| ATL | DCU UNASSG | DETENTION CENTER UNASSIGNED | 04-12-2024 1448 | 04-18-2024 0214 |
| WIL | PEND WORK | PENDING WORK ASSIGNMENT | 03-21-2024 0741 | 04-12-2024 0827 |
| WIL | TOOL ROOM | CENTRAL TOOL ROOM  SS | 03-01-2024 1103 | 03-21-2024 0741 |
| WIL | TOOL ROOM | CENTRAL TOOL ROOM  SS | 02-22-2024 1217 | 03-01-2024 0927 |
| WIL | ORD BA | ORDERLY H1AU 7AM-3PM SS | 10-25-2023 0652 | 02-22-2024 1217 |
| WIL | PEND WORK | PENDING WORK ASSIGNMENT | 07-06-2023 0748 | 10-25-2023 0652 |
| WIL | FCI COMM | FCI COMMISSARY | 01-19-2023 1314 | 07-06-2023 0748 |
| WIL | VT ORD SS | VT ORD 730-1030A 1230-330P SS | 11-15-2022 0905 | 01-19-2023 1253 |
| WIL | UNASSG | UNASSG WORK DETAIL | 11-01-2022 0854 | 01-19-2023 1314 |
| WIL | PEND WORK | PENDING WORK ASSIGNMENT | 11-01-2022 0824 | 11-01-2022 0854 |
| WIL | TOOL ROOM | CENTRAL TOOL ROOM  SS | 11-23-2020 1514 | 11-01-2022 0824 |
| WIL | ORD BA WKN | ORDERLY H1AU WEEKEND | 01-18-2019 0001 | 11-23-2020 1514 |
| WIL | ORD BA | ORDERLY H1AU 7AM-3PM SS | 08-21-2018 1202 | 01-18-2019 0001 |
| WIL | ORD AA WKN | ORDERLY H1AL WEEKEND | 05-03-2018 1444 | 08-21-2018 1202 |
| WIL | ORD AA | ORDERLY H1AL 7AM-3PM SS | 11-14-2017 1212 | 05-03-2018 1444 |
| WIL | REC PM | RECREATION PM | 05-30-2017 1229 | 11-14-2017 1212 |
| WIL | PEND WORK | PENDING WORK ASSIGNMENT | 05-24-2017 1416 | 05-30-2017 1229 |
| WIL | FCI A&O | FCI ADMISSION/ORIENTATION | 05-05-2017 0915 | 05-24-2017 1416 |
| ATL | DCU UNASSG | DETENTION CENTER UNASSIGNED | 05-02-2017 1504 | 05-05-2017 0414 |
| ATL | DCU UNASSG | DETENTION CENTER UNASSIGNED | 05-02-2017 1254 | 05-02-2017 1316 |
| EST | SHU WORK | SPECIAL HOUSING WORK ASSG | 02-06-2017 0100 | 05-02-2017 0939 |
| EST | UNASSIGNED | UNASSIGNED | 01-27-2017 1329 | 02-06-2017 0100 |
| EST | MAINT 4 | MAINT 2 / SMITH CH. 4 | 01-04-2017 0001 | 01-27-2017 1329 |
| EST | VACATION | FCI INMATE VACATION | 12-27-2016 0001 | 01-04-2017 0001 |
| EST | MAINT 4 | MAINT 2 / SMITH CH. 4 | 08-02-2016 1115 | 12-27-2016 0001 |
| EST | MAINT 4 | MAINT 2 / SMITH CH. 4 | 06-08-2016 1430 | 08-02-2016 0714 |
| EST | IDLE | MEDICAL IDLE | 06-15-2016 0934 | 06-20-2016 1059 |
| EST | CONVL | CONVALESCENCE | 06-15-2016 0933 | 06-15-2016 0934 |
| EST | MAINT 4 | MAINT 2 / SMITH CH. 4 | 01-04-2016 0001 | 06-08-2016 1240 |
| EST | VACATION | FCI INMATE VACATION | 12-28-2015 0001 | 01-04-2016 0001 |
| EST | MAINT 4 | MAINT 2 / SMITH CH. 4 | 12-30-2014 0001 | 12-28-2015 0001 |
| EST | VACATION | FCI INMATE VACATION | 12-22-2014 0001 | 12-30-2014 0001 |
| EST | MAINT 4 | MAINT 2 / SMITH CH. 4 | 01-07-2014 0001 | 12-22-2014 0001 |
| EST | VACATION | FCI INMATE VACATION | 12-27-2013 0001 | 01-07-2014 0001 |

G0002       MORE PAGES TO FOLLOW . . .

```
 ASHEB  531.01 *              INMATE HISTORY                *    07-10-2025
PAGE 002 OF 002 *              WRK DETAIL                   *    10:31:01


 REG NO..: 13480-021 NAME....: IRICK, DANNY D
 CATEGORY: WRK        FUNCTION: PRT        FORMAT:

FCL   ASSIGNMENT DESCRIPTION                      START DATE/TIME STOP  DATE/TIME
EST   MAINT 4    MAINT 2 07:15 AM - 3:00 PM       07-23-2013 0001 12-27-2013 0001
EST   EDUC AM    EDUCATION WORKER 7:00AM-1:00PM   03-15-2013 0001 07-23-2013 0001
EST   CONVL      CONVALESCENCE                    02-22-2013 0800 03-15-2013 0001
EST   EDUC AM    EDUCATION WORKER 7:00AM-1:00PM   02-25-2013 0001 03-04-2013 0800
EST   CONVL      CONVALESCENCE                    02-22-2013 1341 02-25-2013 0001
EST   CONVL      CONVALESCENCE                    02-11-2013 0820 02-13-2013 1355
EST   EDUC AM    EDUCATION WORKER 7:00AM-1:00PM   08-02-2012 0001 02-11-2013 0820
EST   UNASSIGNED UNASSIGNED                       07-17-2012 1048 08-02-2012 0001
EST   SHU WORK   SPECIAL HOUSING WORK ASSG        05-21-2012 0640 07-17-2012 1048
EST   EDUC AM    EDUCATION WORKER 7:00AM-1:00PM   08-05-2011 0001 05-21-2012 0640
EST   ORD CA     ORDERLY CA 7:30 AM - 3:00 PM     02-25-2010 0001 08-05-2011 0001
EST   FS 2       FOOD SERVICE PM SHIFT            12-18-2009 0001 02-25-2010 0001
EST   FS 3       FOOD SERVICE BAKERY SHIFT        12-01-2009 0001 12-18-2009 0001
EST   PLUMB SHOP PLUMBING SHOP 7:15AM - 3:00PM    11-10-2008 0001 12-01-2009 0001
EST   UNASSIGNED UNASSIGNED                       10-23-2008 1138 11-10-2008 0001
EST   A&O        ADMISSION & ORIENTATION          10-02-2008 0957 10-23-2008 1138




G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

Att. H

TRULINCS  13480021 - IRICK, DANNY D - Unit: ASH-F-A

---------------------------------------------------------------------------------------------------------------------

FROM: Alvarez, Oneida
TO: 13480021
SUBJECT: RE: Letter of Support
DATE: 07/07/2025 11:51:01 PM

Miami, July 7th, 2025
Dear Honorable Judge:

My name is Oneida Alvarez and I am writing you today on behalf of my close to ten years fiance Mr. Danny Irick # 13480-021. I'm a US citizen living in Miami for 40 years with no criminal record. Mr. Irick and I have decided to get married upon his release and live in my house in said city, which I own free of mortgage. I also own a vehicle which will be at his disposition to use to and from work once he is employed.
Through our communication and close relationship for many years, I have concluded that Mr. Irick is rehabilitated and he will be remorseful for his criminal past forever more. He's ready for a new life in a free society.
What I offer to my future husband Mr. Irick, is all of my emotional support, a peaceful and decent home to live, guidance to get his driver's license, navigate the city, apply for jobs, and I'm sure my grown up kids will help him to learn about Internet and the new technology that is a part of our every day life . Also, once he becomes a resident of Florida, he will have the opportunity to apply for health care thru the Florida Health Care Market Place ( available to all legal residents in my State) which is a must due to his health issues and overweight.
I thank you in advance for your attention to this letter.
Sincerely
Oneida Alvarez
11635 SW 185th Street
Miami Florida 34157

Da
Federal Correctional Inst.
P.O. Box 6001
Ashland, KY 41105-6001



INSPECTED BY

JUL 22 2025

U.S. Marshals Service/SGA

⇔13480-021⇔
Clerk Us District Court
PO BOX 8286
Savannah, GA 31402
United States

U.S. District Court Clerk
P.O. Box 8286
Savannah, GA 31402