IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 6:08-CR-001 |
| | ) | |
| DANNY IRICK | ) | |
| | ) | |

**GOVERNMENT'S RESPOSNE IN OPPOSITION TO DEFENDANT'S 18 U.S.C. § 3582(c)(1)(A) MOTION**

Defendant Danny Irick moves for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 86.) Defendant's motion is, once again, based on extraordinary and compelling circumstances, specifically "a combination" of these circumstances consistent with U.S.S.G. § 1B1.13(a), (b)(5), (b)(6), (c), (d), and the 18 U.S.C. § 3553(a) factors. (*See* Doc. 69 at 1.) Defendant's assertions contained in his motion fail to establish any "extraordinary and compelling" reasons under U.S.S.G. § 1B1.13, nor do the 18 U.S.C. § 3553(a) factors support early release. Therefore, this Court should deny Defendant's motion.

**Factual and Procedural Background**

On February 5, 2008, a federal grand jury sitting in the Southern District of Georgia returned a four-count indictment charging Defendant Irick and his co-defendant with armed bank robbery and the use of a firearm (brandishing) during a bank robbery. (PSR ¶ 1.) Additionally, Defendant Irick was also charged with possession of a firearm by a convicted felon and possession of a stolen firearm. (PSR ¶ 2.) On April 28, 2008, Defendant Irick pleaded guilty to armed bank robbery in

violation of 18 U.S.C. § 2113(a) and (d) (Count 1) and to the use of a firearm (brandishing) during a bank robbery in violation of 18 U.S.C. § 924(c) (Count 2). (PSR ¶ 4.)

During the calculation for Defendant Irick's criminal history, it was determined that pursuant to U.S.S.G. § 4B1.1, Defendant was found to be a career offender based on two prior felony convictions involving residential burglary and, therefore, his criminal history category must be VI. (PSR ¶ 42.) Based on Defendant Irick's career offender status, the offense level for the armed bank robbery was 34. (PSR ¶ 29.) Because of Defendant Irick's career offender status, and that he had also pleaded guilty to one count of 924(c) with a mandatory minimum consecutive sentence of at least seven (7) years (84 months), Defendant Irick's applicable guideline range was determined to be 272 to 319 months. (PSR ¶ 33.) On September 3, 2008, Defendant Irick was sentenced by the Honorable Judge Avant Edenfield to 220 as to Count 1 and a term of 84 months' imprisonment for Count 2 to be served consecutively, for a total of 304 months (Doc. 32 at 2.)

On November 7, 2008, Defendant Irick filed his first Motion to Vacate his sentence pursuant to 28 U.S.C. 2255. (Doc. 37.) In Defendant Irick's motion, he claimed that his defense attorney failed to file an appeal after Defendant Irick had requested him to do so. (*Id*. at 4.) After Defendant Irick's attorney filed an affidavit in response to the defendant's motion, Defendant Irick attempted to withdraw his § 2255 motion; however, the Court did not permit Defendant Irick to withdraw his motion (*See* Docs. 44 & 45.) In United States Magistrate Judge G.R. Smith's Report

2

and Recommendation to Defendant Irick's first Motion to Vacate, the Court determined that "[Defendant Irick] filed [the motion] on a § 2255 form and put the government and his former lawyer to the expense of responding to it… [h]e thus has fired his one § 2255 shot." (Doc. 45 at 2.) The magistrate court recommended that Defendant Irick's motion be denied on the merits, and that the § 2255 civil case be closed. (*Id*. at 3.) After no objections to the magistrate judge's report and recommendation were filed by either party, the District Court adopted the report and recommendation as the opinion of the Court on October 21, 2009. (*See* Doc. 47.)

On July 1, 2010, Defendant Irick filed a brief with the Court asserting new arguments for § 2255 post-conviction relief. (See Doc. 50.) On March 1, 2011, Defendant Irick filed a Motion to Construe Pending Brief as a Second § 2255 Motion, or in the alternative for Leave of Court to Amend/ Supplement his brief. (Doc. 51.) On March 3, 2011, Magistrate Judge G.R. Smith issued a report and recommendation denying Defendant Irick's motion as untimely. (Doc. 52.) Furthermore, Judge Smith held that Defendant Irick's new motion would nevertheless be denied under 28 U.S.C. § 2244(b)(3)(A) which requires the applicant to receive an order from the appropriate court of appeals authorizing the district court to even consider a second or successive § 2255 application. (*See Id*. at 2.) After no objections to the magistrate judge's report and recommendation were filed, the District Court adopted the report and recommendation as the opinion of the Court on April 6, 2011. (*See* Doc. 56.)

Defendant Irick filed his third Motion to Vacate his sentence under 28 U.S.C. § 2255 on March 7, 2016, with an accompanying memorandum in support. (Docs. 57

3

& 58.) On March 16, 2016, Magistrate Judge G.R. Smith issued a report and recommendation that Defendant Irick's third motion be dismissed as successive, and that Defendant failed to seek permission from the 11th Circuit Court of Appeals to file any successive § 2255 claim. (Doc. 59 at 2 & 3.) After no objections to the magistrate judge's report and recommendation were filed, the District Court adopted the report and recommendation as the opinion of the Court on April 1, 2016. (*See* Doc. 61.)

Defendant Irick then filed his fourth Motion to Vacate his sentence under § 2255 on August 29, 2018. (Doc. 64.) Again, Magistrate Judge Smith issued a report and recommendation that Defendant Irick's motion be dismissed, since the district court lacked jurisdiction to consider a successive § 2255 motion without authorization from the Eleventh Circuit (Doc. 66 at 3.) Defendant Irick again failed to file an application with the Eleventh Circuit seeking an order to allow the District Court to consider his motion. (*Id.*) On October 30, 2018, United States District Court Judge Randal Hall adopted the magistrate judge's report and recommendation, and Defendant Irick's motion was dismissed. (Doc. 67.)

On October 9, 2024, Defendant Irick filed an additional Motion with this Court for early release under § 3582(c)(1)(A). (Doc. 69.) This Court issued an order denying Defendant's fifth post-conviction motion. (*See* Doc. 75.) In its order, the Court noted that Defendant's principal argument, that a non-retroactive change in law has produced an unusually long sentence for Defendant, is without merit. (*See* Doc. 75 at 4-5.) In his motion, Defendant argued that due to a change in the law, he would no longer be considered a "career offender" and, thus, his original sentence was

4

unusually long compared to a sentence he would receive today based on the same facts and circumstances. This Court succinctly held that the "Unusually Long Sentence provision allows for consideration of changes in the law 'other than an amendment to the Guidelines Manual that has not been made retroactive.'" (Doc. 75 at 4-5, citing U. S. S. G. § 1B1.13(b)(6).) Therefore, this provision of the guidelines and 18 U.S.C. § 3582(c)(1)(A) is unapplicable to Defendant, since this change in law was "occasioned by *nonretroactive* guideline amendments[.]" (*See* Doc. 75 at 1 (emphasis added).)

Defendant has now filed another Motion for a Reduction of Sentence pursuant to § 3582(c)(1)(A). (Doc. 86.) Defendant is currently incarcerated at Ashland FCI and has a projected release date of September 18, 2029.[1]

## Argument

This Court should deny Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). "A court has no inherent authority to modify a defendant's sentence and may do so only when authorized by a statute or rule." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021) (quotations and citation omitted). Section 3582(c) authorizes a court to reduce a sentence in a few narrow situations. For example, "after the defendant has fully exhausted all administrative rights," the court may grant the defendant's motion for a sentence reduction if three

---

[1] BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited Nov. 15, 2023). Projected release date indicates release from BOP custody and may not reflect date by which BOP will consider defendant for placement in a halfway house, a residential reentry center or home confinement.

conditions attain: (1) "extraordinary and compelling reasons warrant a sentence reduction," (2) the defendant is not a danger to the safety of any other person or to the community, and (3) the 18 U.S.C. § 3553(a) sentencing factors favor a reduction. United States v. Handlon, 97 F.4th 829, 831–32 (11th Cir. 2024) (citations omitted); Giron, 15 F.4th at 1346; United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021).

The court may address those three conditions in any order. The court must find that all three conditions are satisfied before it can reduce the sentence. The absence of even just one condition forecloses a sentence reduction; in that situation, the court need not discuss either of the other conditions. See Tinker, 14 F.4th at 1237–38; Giron, 15 F.4th at 1348.

### A. Defendant has Failed to Present New and Additional Information or Argument since this Court's Previous Ruling.

The Defendant's present motion raises the same claims raised in his previous motion for compassionate release. (*See* Doc. 69.) Previously the Government responded in opposition to Defendant's motion, arguing that Defendant had not demonstrated an "extraordinary and compelling" reason for this Court to grant his motion. (*See* Doc. 72.) Specifically the Government argued: (1) a nonretroactive change in the law does not apply to Defendant's situation; (2) Defendant's youth and immaturity at the time of offense does not qualify as an "extraordinary and compelling" reason to a sentence reduction; (3) Defendant's rehabilitation by itself is not an "extraordinary and compelling" reason; and (4) that Defendant's motion should

6

be denied based on the 18 U.S.C. § 3553(a) factors. (*Id*.) This Court then denied Defendant's previous motion. (Doc. 75.) There have been no changes in the law or any additional facts presented since Defendant's previous filing just ten months ago, and, therefore, the Government respectfully requests the Court to deny his motion based on the reasons outlined in its previous response and this Court's order.

## Conclusion

For these reasons, the United States respectfully requests that Defendant's § 3582(c)(1)(A) motion (Doc. 86) be denied.

                                Respectfully submitted,

                                MARGARET E. HEAP
                                UNITED STATES ATTORNEY

                                ***/s/ Ryan Bondura***
                                Ryan Bondura
                                Assistant United States Attorney
                                South Carolina Bar No. 104079

P.O. Box 8970
Savannah, Georgia 31412
(912) 652-4422

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") that was generated as a result of electronic filing in this Court. In addition, I sent a paper copy through the U.S. Postal Service to:

>Danny Irick, Reg. No. 13480-021
>FCI Ashland
>Inmate Legal Mail
>P.O. Box 6001
>Ashland, KY 41105

This August 19, 2025.

                            MARGARET E. HEAP
                            UNITED STATES ATTORNEY

                            ***/s/ Ryan Bondura***
                            Ryan Bondura
                            Assistant United States Attorney
                            South Carolina Bar No. 104079
                            *ryan.bondura@usdoj.gov*

Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422