IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA     *
                             *
      v.                    *     CR 608-001
                             *
DANNY D. IRICK            *

## O R D E R

On April 28, 2008, Defendant Danny D. Irick pled guilty to armed bank robbery (18 U.S.C. § 2113(a) and (d)) and carrying and brandishing a firearm during a bank robbery (18 U.S.C. § 924(c)). At sentencing, Defendant was determined to be a career offender under the United States Sentencing Guidelines, U.S.S.G. § 4B1.1. He was sentenced to serve 220 months for the armed robbery and 84 consecutive months for the § 924(c) count, for a total term of 304 months.

On December 20, 2024, the Court denied Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 75.) Defendant had maintained that he was no longer a career offender because his South Carolina burglary convictions can no longer be considered predicate offenses under the Guidelines. Thus, his guideline range would be different if sentenced today. In the Order of December 20, 2024, the Court agreed that Defendant would

no longer qualify as a career offender under U.S.S.G. § 4B1.2(a), but concluded that the compassionate release provision, specifically U.S.S.G. § 1B1.13(b)(6), "does not apply to changes in the law occasioned by nonretroactive guideline amendments."[1] (Doc. 75, 4-5.)

On July 22, 2025, Defendant filed another compassionate release motion on the same grounds as his prior motion. He contends that the Court erred in not considering United States v. Lockett, 810 F.3d 1262 (11th Cir. 2016), as the "change in the law" that excluded his South Carolina burglary convictions as predicate offenses for purposes of the § 4B1.2(a) enhancement. (See Def.'s Mot., Doc. 86, at 1-2.)

Defendant states in his motion that the Lockett case "invalidated second and third degree South Carolina buglary (sic) convictions for enhancement purposes under U.S.S.G. Section 4B1.2(a)(2)-The career offender enhancement." (Doc. 86, at 1.) This is incorrect. The Lockett case held that South Carolina's burglary statute was not divisible, such that a court could not use the modified categorical approach to determine whether a generic burglary qualified as a predicate offense under the **Armed**

---

[1]  Defendant appealed the Order of December 20, 2024; however, the Eleventh Circuit Court of Appeals recently dismissed the appeal for want of prosecution. (Doc. 90.)

*Career Criminal Act* (the "ACCA"). <u>Lockett</u> decided nothing about the career-offender enhancement of the Sentencing Guidelines.

As previously stated in the December 20, 2024 Order, Defendant was sentenced as a career offender based on the enumerated offense clause of the "crime of violence" definition in the Sentencing Guidelines at the time of sentencing, wholly unrelated to the ACCA's definition of a crime of violence. <u>Cf.</u> <u>In re Griffin</u>, 823 F.3d 1350 (2016) (refusing to extend <u>Johnson v. United States</u>, 576 U.S. 591 (2015), which struck down the residual clause of the ACCA, to the career-offender guidelines); <u>Beckles v. United States</u>, 616 F. App'x 415, 416 (11th Cir. 2015) (same), <u>aff'd</u> 580 U.S. 256 (2017). Thus, <u>Lockett</u> did not change Defendant's status as a career offender under the Guidelines; Amendment 798 to the Sentencing Guidelines did.

In sum, Defendant Danny D. Irick is not entitled to compassionate release for a non-retroactive amendment to the sentencing guidelines. Accordingly, his motion for compassionate release (doc. 86) remains unsupported and is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of August, 2025.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3