IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA

v.   Case No. 6:08-CR-001

DANNY IRICK

DEFENDANT'S RESISTANCE TO GOVERNMENT'S RESPONSE IN
OPPOSITION TO DEFENDANT'S 18 U.S.C. SECTION 3582(c)(1)(A) MOTION

Defendant Danny Irick resists the Government's response in opposition to this Defendant's 18 U.S.C. Section 3582(c)(1)(A) motion for the following:

1) In the Government's response from August 19, 2025 the Government argues on pages 6-7 that the Court should deny the defendant's motion because the defendant has not demonstrated an extraordinary and compelling reason for which the Court can grant relief.

The Government is incorrect that the defendant did not raise an "extraordinary and compelling" reason for which the Court can grant relief. Under U.S.S.G. Section 1B1.13(b)(6) the U.S. Sentencing Commission determined that when a defendant has received an usually long sentence and has served at least 10 years of the term of imprisonment for which changes in the law have produced a gross disparity between his sentence being served and the sentence which would likely be imposed at the time he files a Section 3582(c)(1)(A) motion is an "extraordinary and compelling" reason for release. The defendant has identified a change in the law that both makes his current sentence unusually long and produces a gross disparity which would

1

likely be imposed now. The change in the law the defendant presented in his current compassionate release motion is the decision in <u>United States v. Lockett</u>, 810 F.3d 1262 (11th Cir. 2016). This decision invalidated the defendant's burglary convictions as career offender predicates. This lowered the defendant's original guideline range from 272-319 months to a current range of 130-141 months. This is the sort of situation the U.S. Sentencing Commission expressly considered when amending US.S.G. Section 1B1.13(b)(6). Additionally, the Court did not contemplate or address the Lockett decision as it applies to the defendant in its previous decision, only U.S.S.G. Amendment 798. The defendant is raising Lockett as his extraordinary and compelling reason for his motion and <u>NOT</u> Amendment 798. But the Court can consider Amendment 798 under Section 1B1.13(C) when it finds the Lockett decision as a change in law that presents an extraordinary and compelling reason under Section 3582(c)(1)(A), as numerous other 11th Circuit district courts have. The Government has conflated U.S. v. Lockett with Amendment 798 and failed to acknowledge or address Lockett in any way here. This issue is not confusing and the Government has intentionally forfeited arguing against this applicable issue.

2) In the Government's response, on page 7, they state the defendant had not presented any additional facts since his previous filing.

The Government ignores the numerous additional facts present in the defendant's current motion relating to his Section 3553(c) factors. Chiefly among those are his low recidivism risk finding from the Dept. of Justice, the First Step Act Annual Report as it relates to the defendant, U.S. Sentencing Commission reports, his health issues and his gross sentencing disparity. There's numerous

additional facts presented in the defendant's current motion which were not considered in the previous motion.

For these reasons the defendant resists the Government's response and asks this Court to grant him the relief he's sought.

Respectfully submitted,

_/s/ Danny D. Irick_
Danny Irick #13480-021
FCI Ashland
P.O Box 6001
Ashland, KY 41105

Dated: August 27, 2025

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the Federal Rules of Procedure via U.S.P.S., to the address listed below, on August 27, 2025.

_/s/ Danny D. Irick_
Danny Irick

To:
U.S. Attorney's Office
AUSA Ryan Bondura
P.O. Box 8970
Savannah, GA 31412

Danny Irick #13480-021  
F.C.I. Ashland  
P.O. Box 6001  
Ashland, Ky 41105

CHARLESTON WV 250
30 AUG 2025 AM 3 L

⇔13480-021⇔
Clerk Us District Court
PO BOX 8286
Savannah, GA 31402
United States

INSPECTED BY
U.S. Marshals Service/SGA
SEP 04 2025

31412-828686